IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-157-D

| | |
|---|---|
| CUMBERLAND COUNTY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| THE CHEMOURS COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

On March 18, 2022, Cumberland County ("plaintiff") filed suit against The Chemours Company, The Chemours Company FC, LLC, E. I. du Pont de Nemours and Company, DuPont de Nemours, Inc., and Corteva, Inc. in Cumberland County Superior Court alleging numerous state-law claims arising from defendants' operation of a facility in Fayetteville, North Carolina [D.E. 1-3]. On April 22, 2022, The Chemours Company FC, LLC, The Chemours Company, and E. I. du Pont de Nemours and Company, Inc. (collectively "defendants") removed the case to this court under the court's diversity jurisdiction [D.E. 1]. Corteva, Inc. and DuPont de Nemours, Inc. consented to removal. See [D.E. 1-4]. On April 29, 2022, defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, inter alia, that Cumberland County, as a county, lacks Article III standing [D.E. 10, 11]. See Warren Cnty. v. North Carolina, 528 F. Supp. 276, 282–83 (E.D.N.C. 1981). The same day, Corteva, Inc. and DuPont de Nemours, Inc. moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and, in the alternative, under Rule 12(b)(6) for failure to state a claim [D.E. 12, 13].

On May 5, 2022, Cumberland County moved to remand the case to Cumberland County

Superior Court [D.E. 22, 23]. On May 26, 2022, E. I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC responded in opposition to Cumberland County's motion to remand [D.E. 36]. Corteva, Inc. and DuPont de Nemours, Inc. did not respond. On June 3, 2022, Cumberland County replied [D.E. 40]. As explained below, the court grants Cumberland County's motion to remand.

I.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021).

Under 28 U.S.C. § 1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colorado Bankers Life Ins. Co. v. AT Denmark Invs., APS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). The removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the case. Mayor & City Council of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018) ("It is well established that the party removing a case to federal court bears the burden of establishing the court's subject-matter jurisdiction over the case."); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing

2

federal jurisdiction is placed upon the party seeking removal."). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996).

The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case to state court. Mayor & City Council of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colorado Bankers, 526 F. Supp. 3d at 123. Put differently, a court should "resolve doubts in favor of remand." Palisades Collections LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colorado Bankers, 526 F. Supp. 3d at 123.

Defendants premised removal on diversity jurisdiction under 28 U.S.C. § 1332. See [D.E. 1]. The parties do not dispute that they are diverse and that the amount-in-controversy requirement is satisfied. Rather, Cumberland County's sole argument for remand is that by moving to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), defendants have conceded that this court lacks subject-matter jurisdiction over the case and remand is appropriate. See [D.E. 23] 3–9. The Chemours Company FC, LLC, The Chemours Company, and E. I. du Pont de Nemours and Company, Inc. respond that because they met the removal requirements in 28 U.S.C. § 1441(a) by showing this court has diversity jurisdiction under 28 U.S.C. § 1332, the court has subject-matter jurisdiction over the case. They essentially argue that whether Cumberland County has Article III standing is a separate question. See [D.E. 36] 2–6.

Defendants' arguments are unpersuasive. "The party invoking federal jurisdiction bears the

3

burden of establishing" Article III standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). As the parties removing the case to federal court, and thus the parties invoking federal jurisdiction and bearing the burden to establish subject-matter jurisdiction, see, e.g., Bartels, 880 F.3d at 680, defendants bear the burden of establishing that Cumberland County has Article III standing. See Collier v. SP Plus Corp., 889 F.3d 894, 896 (7th Cir. 2018) (per curiam) ("As the party invoking federal jurisdiction, [the removing party] had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal."); cf. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 & n.3 (2006). Cumberland County did not invoke federal jurisdiction and does not argue that it has Article III standing. Defendants undermine their opposition to Cumberland County's motion to remand by moving to dismiss for lack of subject-matter jurisdiction on the basis that Cumberland County lacks Article III standing. See, e.g., Collier, 889 F.3d at 896; Barnes v. ARYZTA, LLC, 288 F. Supp. 3d 834, 837–39 (N.D. Ill. 2017).

The Seventh Circuit's decision in Collier v. SP Plus Corporation is instructive. In Collier, the defendant removed the case to federal court based on federal question jurisdiction. See Collier, 889 F.3d at 895. The parties agreed that the plaintiffs lacked Article III standing. See id. Nonetheless, the defendant argued that the district court had original jurisdiction because the claims arose under federal law and met the requirements in 28 U.S.C. § 1331 for original jurisdiction. See id. The district court agreed and dismissed the case for lack of subject-matter jurisdiction. See id. The Seventh Circuit reversed, holding that "the case was not removable, because the plaintiffs lack Article III standing—negating federal subject-matter jurisdiction"—and ordered the district court to remand the case to state court. Id. The Seventh Circuit concluded that the phrase "original jurisdiction" in 28 U.S.C. § 1441(a) did not merely require the defendant to get its "foot in the door of a federal court" by showing the plaintiffs' claims met the requirements in section 1331 but that

4

section 1441(a) also required the defendant to show that the plaintiffs had Article III standing. Id. at 896. Without that showing, 28 U.S.C. § 1447(c) mandated remand. See id.

So too here. Although the parties agree that diversity jurisdiction under 28 U.S.C. § 1332 exists, defendants contend Cumberland County lacks Article III standing, an issue on which Cumberland County takes no position. Defendants cannot use the bare requirements of section 1332 to get a foot in the door of a federal court and thereby obtain a clean slate on which to seek dismissal for lack of subject-matter jurisdiction. See Collier, 889 F.3d at 896. Instead, defendants bear the burden to show both a basis for diversity jurisdiction and that Cumberland County has Article III standing. By arguing Cumberland County lacks standing, defendants have not carried their burden. See id.

Moreover, even if this court denied Cumberland County's motion to remand and then granted defendants' motion to dismiss for lack of subject-matter jurisdiction, defendants would not thereby obtain the dismissal they seek. Assuming without deciding that defendants correctly argue that Cumberland County lacks Article III standing, the proper remedy under 28 U.S.C. § 1447(c) would be to remand the case to Cumberland County Superior Court rather than dismiss. See Roach, 74 F.3d at 49. Regardless of whether the court grants the motion to remand or (assuming defendants are correct) grants defendants' motion to dismiss for lack of subject-matter jurisdiction, remand ensues.

Defendants have not met their burden as the removing parties to show that the court has subject-matter jurisdiction. And Cumberland County declines to argue that it has Article III standing. See [D.E. 23] 6. When "no party is willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis." Mocek v. Allsaints USA Ltd., 220 F. Supp. 3d 910, 914 (N.D. Ill. 2016); see Collier, 889 F.3d at 896; Martinez v. Royal Links Golf Club, No. 2:18-

5

cv-002393-JAD-CWH, 2019 WL 13147852, at *1 (D. Nev. Feb. 25, 2019) (unpublished); Barnes, 288 F. Supp. 3d at 837–39; Black v. Main St. Acquisition Corp., No. 5:11-CV-0577 (LEK/DEP), 2013 WL 1295854, at *1 (N.D.N.Y. Mar. 27, 2013) (unpublished) ("[B]ecause no party shoulders the burden of proving jurisdiction, the Court finds that it lacks subject-matter jurisdiction to hear this case.").

## II.

In sum, the court GRANTS plaintiff's motion to remand [D.E. 22] and remands the case pursuant to 28 U.S.C. § 1447(c). The court DENIES as moot plaintiff's motion for reconsideration [D.E. 42]. The court REMANDS this action to Cumberland County Superior Court. The motions to dismiss of all five defendants for failure to state a claim and the motion to dismiss of Corteva, Inc. and DuPont de Nemours, Inc. for lack of personal jurisdiction remain pending, and the Cumberland County Superior Court can address those motions on remand. The court declines to award costs.

SO ORDERED. This 17 day of June, 2022.

JAMES C. DEVER III
United States District Judge